### A99A2305. HERRINGTON v. THE STATE.
(527 SE2d 33)

PHIPPS, Judge.

A jury found Terry Herrington guilty of two counts of aggravated child molestation.[1] He appeals, claiming that (1) the trial court erred in admitting statements that should have been excluded under the Child Hearsay Statute, and (2) the evidence was insufficient to sup-

---

[1] Herrington was also found guilty of two counts of aggravated sodomy, but the trial judge held that the aggravated sodomy counts merged with the aggravated child molestation counts.

port either count of aggravated child molestation. We uphold the trial court's determination that the statements at issue contained sufficient indicia of reliability and the jury's verdict, which was supported by overwhelming evidence.

M. S. W. is the son of Ruth Herrington and David Wolfe. At the time of the incidents in question, M. S. W. was five years old, and his parents were divorced. M. S. W. lived with his father in Baxley, but his mother had visitation rights the first and third weekends of every month.

M. S. W. visited his mother on the first and third weekends of March 1998. She was living with her brother-in-law, Terry Herrington, in Brunswick. When M. S. W. returned to Baxley from one of those weekend visits, he told Wolfe that "Terry did it again." M. S. W. explained that Herrington had stuck his "weenie" in his "hiney." According to Wolfe, M. S. W. told him what had happened within 30 minutes of his return to Baxley, while they were on the way to church.

The next day, March 23, 1998, Wolfe took M. S. W. to the Department of Family & Children Services (DFACS). Debra Jackson, a DFACS caseworker, and Scarlet Copeland, a counselor with the Appling County Board of Education, conducted an interview with M. S. W. During the interview, M. S. W. told them that Herrington had "put his weenie in my hiney."

After the DFACS interview, Wolfe took his son to Dr. Pede LaFuente. Dr. LaFuente examined M. S. W. on March 23, 1998, and noticed a tear on M. S. W.'s anus that was probably two or three weeks old. He also noticed a slight looseness of M. S. W.'s sphincter, which he testified would be consistent with an item being inserted into his anus.

On March 30, 1998, Kevin Jones, a detective with the Brunswick Police Department, conducted taped interviews with Ruth and Terry Herrington. Both interviews were played for the jury at trial. In her interview, Ruth Herrington said that during the third weekend of March 1998, "Terry put his privacy in [M. S. W.]'s asshole" three or four times. She said that Terry had done the same thing during M. S. W.'s two prior weekend visits. She further stated that M. S. W. was forced to perform oral sex on Herrington during the third weekend in February 1998.

In his police interview, Herrington admitted that he put his penis in M. S. W.'s "behind" during the third weekend of March 1998. Herrington also stated that M. S. W. put his mouth on his penis on Saturday night of that weekend. Herrington further admitted that he had tried, unsuccessfully, to put his penis in M. S. W.'s "behind" during the first weekend of March 1998.

At trial, M. S. W. testified that the last time he visited his

mother, Terry Herrington "st[u]ck his weenie in my hiney." M. S. W. also testified that his mother told him to put his mouth on Herrington's "weenie" and he did so. According to M. S. W., he told his father what Herrington had done when he returned to his house in Baxley.

Ruth Herrington testified at trial that Herrington did not molest M. S. W. and that she was lying when she gave her statement to the police. She also testified that she was having a blackout the day she was questioned and that she had asked for, but was not given, her Prozac.

Terry Herrington testified at trial that he had never molested M. S. W. He claimed that the taped interview was not accurate because it did not record his entire statement. Detective Jones, however, testified that no questioning occurred before the tape recorder was turned on.

1. The Child Hearsay Statute provides that

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[2]

Prior to trial, the court conducted a hearing to determine if M. S. W.'s statements to his father and to Copeland about what Terry Herrington had done were sufficiently reliable to be admitted at trial. After viewing a videotaped statement taken from M. S. W., which was not shown to the jury, and hearing argument from counsel, the judge found sufficient indicia of reliability to admit both statements.

Herrington challenges the admission of both statements. He contends the trial court improperly found sufficient indicia of reliability because M. S. W. did not mention anything about oral sex with Herrington in his pretrial statements, but did testify about it at trial. He also claims that M. S. W.'s testimony was inconsistent with Wolfe's testimony because M. S. W. said he told Wolfe about the incident with Herrington when he was at his house in Baxley and Wolfe said the conversation took place on the way to church.

Indicia of reliability must come from the circumstances of the statement.[3] The court may consider such factors as (1) the atmos-

---

[2] OCGA § 24-3-16.
[3] *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

phere and circumstances under which the statement was made; (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's physical or emotional condition; (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement; and (10) the consistency between repeated out-of-court statements by the child.[4]

Here, considering the immediacy and spontaneity of the outcry to his father, the child's age, the limited time between his return home and the initial outcry, thus demonstrating the absence of coaching, and the general consistency of his statements to several adults, we find that the record contains sufficient indicia of reliability to support the admission of the challenged statements.[5] Because there were sufficient indicia of reliability, any alleged inconsistencies in the statements were a matter for the jury's consideration in weighing the evidence, not a matter of admissibility.[6]

Further, if defense counsel has the opportunity to cross-examine the witness making the out-of-court statements, those statements are admissible.[7] Here, M. S. W. took the stand and was subjected to cross-examination by Herrington's counsel. Therefore, the statements were properly admitted.

2. Herrington contends there was insufficient evidence to support his conviction for aggravated child molestation under Count 2 (putting his penis in M. S. W.'s anus) or Count 4 (putting his penis in M. S. W.'s mouth). He relies on alleged inconsistencies in M. S. W.'s testimony and Dr. LaFuente's testimony that the injury to M. S. W.'s anus could have been caused by constipation.

On appeal, we do not weigh evidence or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged.[8] Instead, the evidence must be viewed in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[9]

Viewed in the light most favorable to the prosecution, we conclude that the evidence was more than sufficient to support the conviction on each count beyond a reasonable doubt.[10] Moreover, minor

---

[4] Id.

[5] See *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998).

[6] Id.

[7] Id. at 15 (1) (b).

[8] *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] See, e.g., *Lindo v. State*, 218 Ga. App. 756, 757 (1) (463 SE2d 148) (1995) (testimony of

inconsistencies in the trial testimony go to the weight given the evidence, not to its sufficiency to support the jury's verdict.[11]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 7, 1999.

*Patrick C. Kaufman,* for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney,* for appellee.

---

child, along with mother's testimony that child reported assault immediately after crime, is sufficient to authorize finding of guilt beyond a reasonable doubt).

[11] See *Heard v. State,* 221 Ga. App. 166, 167 (1) (471 SE2d 22) (1996).