A02A2319. LORD v. THE STATE.
(577 SE2d 103)

BARNES, Judge.

A jury convicted Michael Lord of armed robbery, burglary, and two counts of aggravated assault. Following the denial of his motion for new trial, he appeals, contending that the evidence was insufficient to sustain his conviction and that trial counsel was ineffective. Upon finding the evidence sufficient to sustain the conviction and no error in the trial court's finding that counsel was not ineffective under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), we affirm.

1. On appeal, we do not weigh the evidence or resolve conflicts in the testimony; rather, we review the evidence in the light most favor-

able to the verdict to determine if a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Herrington v. State*, 241 Ga. App. 326, 329 (2) (527 SE2d 33) (1999). So viewed, the record shows that on March 16, 1999, the victim left his home at approximately 7:30 in the morning to pick up someone to help him feed his cows. The victim is elderly and in poor health and often used other people to help him care for the animals on his land. His house is somewhat secluded, and a long driveway leads to his property. That morning he noticed a white car parked at the end of his driveway. The victim testified that the car was hidden and could not be seen from the house. The victim approached the car and spoke to the occupant, Shane Treadwell.[1] Treadwell appeared nervous and kept looking around and, when asked why he was there, told the victim that he wanted to help him with his chores since he was in poor health. The victim asked Treadwell to come with him to pick up the other helper, but Treadwell declined and said that he would come back later. The victim left to pick up his helper.

The victim took the helper back to town late that morning and, after spending several hours in town, picked up the same helper at approximately 2:30 p.m. to help him feed the cows again. The men fed and watered the cows and chickens, and the victim went inside to get something to drink. He testified that he noticed a shoe in front of the refrigerator. When he stooped to retrieve it, someone hit him in the head and knocked him down. The victim got up and lunged at a man who was standing between the stove and refrigerator, but the man begin to beat him with an iron skillet. The victim attempted to fight back, but was beaten with the skillet repeatedly and robbed of the cash on his person. He stopped resisting and asked his attacker not to kill him, informing the burglar that he had more money in a little house behind the main house. The victim lost consciousness at that point and, upon awakening, freed himself from a rope tied to his right arm. After discovering that his telephone was pulled from the wall, the victim drove into town to report the crime. The burglar robbed the victim of between $1,300 to $1,800, and the victim's wife testified that her mother's engagement and wedding rings were missing.

The victim could not identify his attacker because the man wore something on his face, but reported that the man was tall, wore a camouflage coat or shirt, and was "a light skinned colored fellow or dark skinned white fellow." When the police arrived, they discovered

---

[1] Treadwell was also arrested for these crimes.

that several rooms were ransacked and that "there was blood all over the kitchen floor." They retrieved a black glove from the crime scene.

Approximately one month later, police interviewed a suspect who told them that on the day of the crime, he went to the victim's home with Lord and Treadwell to rob the victim but backed out at the last minute. He said that his grandmother picked him up before the robbery on the highway leading to the victim's home. At trial his grandmother corroborated his story. Another witness, who had once lived with Lord and Treadwell, testified that the two men borrowed her white Mercury Tracer at approximately 6:00 a.m. on the day of the crime. She said that when she saw Lord later that day, he had on a dirty camouflage jacket with what appeared to be bloodstains on it and that he had burned the shirt he was wearing that day. She testified that Lord had money in his hand that was "rolled up with a rubber band around it." The witness testified she overheard Lord discussing details of the crime, including that he had hit the victim with a frying pan and tied him up, that he wore a stocking over his face, that he left a glove in the kitchen, and that the victim told Lord that he had more money in the barn behind his house. During the trial, the victim identified Lord as the man who attacked and robbed him.

The evidence presented was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia,* supra.

2. Lord also complains that his trial counsel was ineffective. He argues that his defense was prejudiced because trial counsel did not call an alibi witness and other witnesses who could have impeached a State's witness.

To reverse a conviction for ineffective assistance of counsel, Lord must come forward with evidence showing that counsel's performance was deficient and that the deficiency so prejudiced his defense as to raise a reasonable probability that the outcome of the trial would have been different had the deficiency not occurred. *Strickland v. Washington,* supra. This Court will not disturb a trial court's finding of effective assistance of counsel unless clearly erroneous. *Thomas v. State,* 246 Ga. App. 448, 449 (1) (540 SE2d 662) (2000).

Trial counsel testified during the motion for new trial hearing that he recalled discussing only two additional witnesses with Lord and that as part of his trial strategy, he decided not to have them testify. Decisions as to which witnesses to call are matters of trial strategy and tactics that usually do not constitute ineffective assistance of counsel. *Beattie v. State,* 240 Ga. App. 327, 328 (2) (b) (523 SE2d 389) (1999). Moreover, Lord has not shown that additional evidence would have changed the outcome of the trial. The trial court did not err in finding that Lord was not denied effective assistance of counsel.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 5, 2003.

*Ramon J. Fajardo*, for appellant.

*Robert W. Lavender*, District Attorney, *Richard K. Bridgeman, Marsha D. Cole*, Assistant District Attorneys, for appellee.