## A10A2088. STEGALL v. THE STATE.
(708 SE2d 387)

SMITH, Presiding Judge.

Desmond Michael Stegall was convicted of rape, two counts of aggravated child molestation, and aggravated sodomy on a friend's young daughter.[1] His amended motion for new trial was denied, and he appeals, asserting that his trial counsel was ineffective, that the State failed to prove venue, and that the trial court erred in admitting evidence of a similar transaction. We find no error and affirm.

1. Stegall's claims of ineffective assistance of trial counsel are waived. Appellate counsel was appointed for Stegall. Appellate counsel filed a motion for new trial and later amended it, but made no allegation of ineffective assistance of trial counsel. Appellate counsel did not raise the issue at the hearing on the motion for new trial, and trial counsel was not called to testify.

> Our law requires that a claim for ineffective assistance of counsel must be raised at the earliest practical moment. This rule requires that a claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on a motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

(Citations, punctuation and footnote omitted; emphasis in original.) *Clay v. State*, 232 Ga. App. 541, 542 (2) (502 SE2d 267) (1998). Since Stegall had an opportunity to raise any claim of ineffectiveness below but failed to do so, we may not consider it for the first time on appeal.

2. Stegall asserts that the State failed to prove venue in Clayton County as to Counts 2 and 3, aggravated child molestation and aggravated sodomy. We disagree.

> Under our Constitution, proper venue in all criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. The prosecution

---

[1] The trial court merged one count of aggravated child molestation with the rape count.

may prove venue by direct and circumstantial evidence. The standard of review is whether, considered in the light most favorable to the prosecution, the State proved the essential element of venue beyond a reasonable doubt.

(Citations, punctuation and footnote omitted.) *Payne v. State*, 290 Ga. App. 589, 589-590 (2) (660 SE2d 405) (2008), aff'd, 285 Ga. 137 (674 SE2d 298) (2009). The evidence showed that the victim's family lived in Fayetteville, in Clayton County, from 2003 until October 2004. The family moved to Gwinnett County for approximately one year, then moved to Ellenwood, in Clayton County, and lived there from December 2005 through March 2006. Stegall lived with the family in Fayetteville and occasionally spent the night at the home in Ellenwood.

The victim testified that Stegall committed acts of oral sodomy upon her in the same room where the rape occurred, in Fayetteville. The victim's mother testified that the victim told her Stegall committed oral sodomy upon her in Clayton County. A detective testified that the victim told him that acts of intercourse, oral sodomy, and anal sodomy occurred in Clayton County and that his interviews with the child and the parents revealed that acts of rape, oral sodomy, and anal sodomy occurred in Clayton County.

This evidence was sufficient to show venue. See *Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003) (evidence that child molestation occurred at residence and residence was in Houston County sufficient to prove venue). The testimony, taken as a whole, including the victim's testimony and her statements to investigating officers, "was sufficient evidence from which the jury could conclude beyond a reasonable doubt that the crimes were committed in [Clayton] County." *Payne*, supra, 290 Ga. App. at 590-591 (2). While Stegall points to some confusion in the child's testimony, any conflicts in the evidence were for the jury to decide. *Ortiz v. State*, 295 Ga. App. 546, 548 (1) (672 SE2d 507) (2009).

3. Finally, Stegall asserts that the trial court erred in admitting evidence of a similar transaction. He contends that the testimony regarding an incident of child molestation committed simultaneously against the victim and her younger sister in Gwinnett County constituted inadmissible hearsay and that a detective's testimony and a videotaped interview regarding that incident should not have been admitted.

At the pretrial hearing on admission of the similar transaction evidence, Stegall objected only that the evidence was insufficiently similar to the offense charged here. He did not object on any of the grounds he now asserts. Nor did he object to the admission into evidence of an audio recording of his police interview or the video-

taped interview of the victim and her sister on the basis he now asserts, asking only that any mention of his prior criminal history be redacted. When the State sought to admit the videotape, in response to the trial court's inquiry if he had any objection, Stegall's counsel responded, "No." "Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court." (Citations and punctuation omitted.) *State v. Tye*, 276 Ga. 559, 562 (3) (580 SE2d 528) (2003). Even *Whitehead v. State*, 287 Ga. 242 (695 SE2d 255) (2010), which abolished the repetitive objection rule for similar transaction evidence, requires that the objection at issue be raised *at some time* for it to be preserved for appeal. Id. at 249 (2).

But even if Stegall had preserved his objections, we find no abuse of discretion in the admission of this evidence. "[T]he sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." (Citation, punctuation and footnote omitted.) *Kendrick v. State*, 269 Ga. App. 831, 834 (3) (605 SE2d 369) (2004). In addition, the victim testified to the same acts of molestation, which were perpetrated upon her at the same time. While the Child Hearsay Act, OCGA § 24-3-16, does not apply to crimes merely witnessed by a child, see *Woodard v. State*, 269 Ga. 317, 321-323 (3) (496 SE2d 896) (1998), "*Woodard* is inapplicable here, because both girls were victims." (Citation omitted.) *Bunn v. State*, 307 Ga. App. 381, 386 (3) (d) (705 SE2d 180) (2010). And "the admission of hearsay is harmless when it is cumulative of admissible evidence showing the same fact." (Citations and punctuation omitted.) *Wiggins v. State*, 280 Ga. 627, 630 (2) (b) (632 SE2d 80) (2006). The trial court did not err in admitting this evidence.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011 — 

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.