### A11A1225. HARGRAVE v. THE STATE.
(717 SE2d 485)

MILLER, Presiding Judge.

A jury found Thomas Hargrave guilty of child molestation. The trial court denied Hargrave's motion for new trial. Hargrave appeals, contending that the trial court erred by (i) denying his motion for directed verdict as venue was not established beyond a reasonable doubt, and (ii) denying Hargrave's motion for new trial because Hargrave's guilt as to child molestation against the victim was not established beyond a reasonable doubt. Discerning no error, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497, 497 (699 SE2d 819) (2010).

> We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [S]tate's case, the jury's verdict will be upheld.

(Citation omitted.) *Vaughn v. State*, 301 Ga. App. 391, 391 (687 SE2d 651) (2009).

So viewed, the evidence shows that Hargrave is the victim's uncle. During the victim's spring break in 2006, when she was nine years old, she traveled with her father from her home in Maryland to visit her relatives living in Georgia. On one evening during the visit, Hargrave came into the room where the victim was sleeping, pulled down his pants and rubbed his penis on the victim's bare buttocks.

In September 2006, the victim decided to tell her mother about what Hargrave had done to her; when the victim had trouble saying what had transpired, she decided to write it down on a piece of paper. The victim wrote that Hargrave had raped her. Although the mother verified that the victim was never in fact raped by Hargrave, the

victim revealed several incidents of molestation that had occurred in Maryland prior to the 2006 incident in Georgia. At trial, the victim described these prior Maryland incidents as follows:

> Usually he would do it at night, or in the morning when I was basically asleep. But he would . . . push the bed to see if I was awake. And he would pull down my pants, pull up my shirt, and . . . touch me with his private.
>
> . . .
>
> He would blindfold me and he would say, "Guess what's in your mouth." And he would put his private in my mouth.

Hargrave was indicted with the offense of child molestation, OCGA § 16-6-4, by "rubbing and placing his penis on the buttocks of the [victim]" in 2006.[1] Hargrave was tried before a jury. The trial court denied Hargrave's motion for a directed verdict, and Hargrave was found guilty and convicted. Hargrave subsequently filed a motion for new trial. The trial court denied Hargrave's motion for new trial, finding that "[a]fter reviewing the evidence presented at trial and during the hearing, as well as considering the arguments of counsel, . . . there was sufficient evidence to authorize the jury's verdict."

1. Hargrave argues on appeal that his motion for directed verdict should have been granted, because the State failed to prove venue. We disagree.

> Under our Constitution, proper venue in all criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. The prosecution may prove venue by direct and circumstantial evidence. The standard of review is whether, considered in the light most favorable to the prosecution, the State proved the essential element of venue beyond a reasonable doubt.

(Citation omitted.) *Stegall v. State*, 308 Ga. App. 666, 666-667 (2) (708 SE2d 387) (2011). "Whether the evidence as to venue satisfied the reasonable-doubt standard is a question for the jury, and its decision will not be set aside if there is any evidence to support it." (Punctuation and footnote omitted.) *Barkley v. State*, 302 Ga. App.

---

[1] OCGA § 16-6-4 provides in relevant part that "[a] person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person . . . ." OCGA § 16-6-4 (a) (1).

437, 438 (691 SE2d 306) (2010).

Hargrave argues that venue was not proven beyond a reasonable doubt because the victim's trial testimony demonstrates her "lack of knowledge of where in Georgia any alleged molestation might have occurred." Hargrave specifically points to the following testimony:

Q. And where did you stay once you came to Georgia?
A. My aunt's house.
Q. And is that here in Fayetteville, Georgia?
A. I'm not sure.
Q. Do you know the address?
A. No.

Notwithstanding Hargrave's attempts to parse the evidence, other testimony established that the crime in 2006 occurred in Fayette County. The trial testimony showed that the victim and her father, who is also Hargrave's brother, traveled to Georgia in 2006. When they arrived in Georgia, the victim stayed at a home where her aunt, grandmother, and Hargrave all resided at the time. The testimony of the victim's aunt showed that the home was located in Fayette County, Georgia. The victim's mother testified that the victim and her father traveled to Fayetteville during the victim's spring break in 2006, at which time the victim stayed with her grandmother in Fayette County.

During trial and her forensic interview, the victim described that the molestation incident occurred in 2006 during a visit to her aunt's residence in Georgia. Two detectives likewise testified that the referenced 2006 visit and molestation incident took place at a residence in Fayette County.

This evidence sufficiently connects the location of the relevant act of child molestation to the county in which it occurred. See *Stegall*, supra, 308 Ga. App. at 667 (2) (concluding evidence was sufficient to prove venue in Clayton County as to aggravated child molestation and aggravated sodomy where victim's family lived in Fayetteville, Clayton County; defendant lived with victim's family in Fayetteville; victim testified that defendant committed acts of oral sodomy upon her in the same room where she had been raped, which was in Fayetteville; and, victim's mother testified that victim told her defendant had committed oral sodomy upon her in Clayton County). The testimony, taken as a whole, including the victim's testimony and her statements to the forensic interviewer, "was sufficient evidence from which the jury could conclude beyond a reasonable doubt that the crimes were committed in [Fayette] County." (Citation and punctuation omitted.) Id. While Hargrave points to some confusion in the victim's trial testimony, "any

conflicts in the evidence were for the jury to decide." Id.

2. Hargrave also contends that the trial court erred in denying his motion for new trial pursuant to OCGA §§ 5-5-20[2] and 5-5-21,[3] because the jury's verdict was contrary to the evidence, the principles of justice and equity, and the weight of the evidence. Again, we disagree.

"The grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it." (Footnote omitted.) *Taylor v. State*, 259 Ga. App. 457, 460 (2) (576 SE2d 916) (2003). "Notably, where a defendant raises a claim under OCGA §§ 5-5-20 and 5-5-21 in his motion for new trial, the law imposes upon the trial court an affirmative duty to exercise its discretion and weigh the evidence to determine whether a new trial is warranted." (Citations omitted.) *Hartley v. State*, 299 Ga. App. 534, 540 (3) (683 SE2d 109) (2009). The trial court here exercised such discretion and weighed the evidence in determining that Hargrave was not entitled to a new trial.

Hargrave nevertheless contends that the trial court erred, relying upon alleged inconsistencies between the victim's trial testimony and interview statements, the failure of the forensic interviewer "to adequately explore elements of [the victim's] story that may weigh against the truth of her story," and conflicting testimony from the victim's family members regarding the specifics of the victim's 2006 spring break trip. On appeal, however, this Court does not "weigh evidence or resolve conflicts in trial testimony . . . ." (Footnote omitted.) *Herrington v. State*, 241 Ga. App. 326, 329 (2) (527 SE2d 33) (1999). Rather, "[t]his Court can only review a lower court's refusal to grant a motion for new trial under the standard espoused in *Jackson v. Virginia* to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." (Footnotes omitted.) *Taylor*, supra, 259 Ga. App. at 460 (2).

Here, the victim testified at trial that when she was in Georgia for her spring break in 2006, Hargrave pulled down her pants and touched her on her back and buttocks. The victim's videotaped forensic interview with a social worker was also played for the jury.

---

[2] OCGA § 5-5-20 provides that "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."

[3] OCGA § 5-5-21 provides that "[t]he presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

Under the Child Hearsay Statute, OCGA § 24-3-16,[4] "the jury was entitled to consider victim's out-of-court statements as substantive evidence." (Citation omitted.) *Lopez v. State*, 291 Ga. App. 210, 212 (1) (661 SE2d 618) (2008). During the interview, the victim recounted a night during her spring break trip to Georgia, when she was eight or nine years old, stating that while "[e]verybody was sleeping [Hargrave] took down my pants and he started . . . raping me." When asked to further describe this incident, the victim explained that Hargrave "pulled down his pants and he started pushing himself on my back . . . [and] he started touching me in the wrong places . . . my chest and my arm . . . and my butt." The victim also described Hargrave's actions during the spring break trip by using anatomical dolls. She told the social worker, "I woke up and [Hargrave] pulled down his pants and started . . . going like that again," and she showed the male doll rubbing its genital area against the buttocks of the female doll. Moreover, when the victim was presented with anatomical drawings, she indicated on a female drawing that Hargrave had touched her on the buttocks, chest, and her "private part." She indicated on a male anatomical drawing that Hargrave used his penis when touching her.

"Viewed in the light most favorable to the prosecution, we conclude that the evidence was more than sufficient to support the conviction on each count beyond a reasonable doubt." *Herrington*, supra, 241 Ga. App. at 329 (aggravated child molestation). "To the extent the [victim's] testimony at trial was not entirely consistent with her former statements to the [social worker], this presented a credibility question to be resolved by the jury." *Green v. State*, 212 Ga. App. 250, 251 (1) (441 SE2d 689) (1994). Likewise, "minor inconsistencies in the trial testimony go to the weight given the evidence, not to its sufficiency to support the jury's verdict." *Herrington*, supra, 241 Ga. App. at 329. Finally, the victim was made available at trial for confrontation and cross-examination, at which time the jury was allowed to judge the credibility of the child's accusations. See *Jones v. State*, 200 Ga. App. 103, 103-104 (407 SE2d 85) (1991) ("The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations.") (citation and punc-

---

[4] The Child Hearsay Statute currently provides:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

OCGA § 24-3-16.

tuation omitted). "A witness' responsiveness or unresponsiveness, evasiveness or directness, verbal skills, intelligence, memory, perception, and apparent understanding are all factors which can be assessed by the jury and may raise a reasonable doubt." (Citation and punctuation omitted.) Id. Thus, the jury was authorized to conclude that Hargrave was guilty of child molestation.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 4, 2011.

*Christopher J. Ramig, Walker L. Chandler*, for appellant.
*Scott L. Ballard, District Attorney, David J. Younker, Assistant District Attorney*, for appellee.