**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 20, 2014**

# In the Court of Appeals of Georgia

A14A1304, A14A1305. CAVENDER v. THE STATE (two cases).

Phipps, Chief Judge.

In January 2012, a Coweta County grand jury indicted Kevin Ray Cavender for two counts of aggravated child molestation and five counts of child molestation. Later that month, a Carroll County grand jury indicted him for two additional counts of child molestation and two counts of sexual battery. Cavender waived venue as to the Carroll County offenses and consented to have both indictments tried jointly in Coweta County. Following the trial, the Coweta County jury found Cavender guilty of two counts of child molestation arising out of the Carroll County indictment and

guilty of seven counts of child molestation pursuant to the Coweta County indictment.[1]

In Case No. A14A1304, Cavender challenges the sufficiency of the evidence supporting his convictions under the Carroll County indictment. In Case No. A14A1305, Cavender raises a sufficiency challenge to several of the Coweta County convictions. Although we affirm the convictions in Case No. A14A1304, we affirm in part and reverse in part the convictions in Case No. A14A1305.

When reviewing the sufficiency of the evidence, we construe the evidence and all reasonable inferences drawn from it in the light most favorable to the jury's verdict.[2] "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt."[3]

So viewed, the evidence shows that 13-year-old T. B. knew Cavender, his wife, and his children through her best friend, V. K. In the late spring or early summer of

[1] The trial court directed a verdict for Cavender on the Carroll County sexual battery counts, and the jury found Cavender guilty of the lesser included offense of child molestation on the Coweta County aggravated child molestation charges.

[2] *O'Rourke v. State*, 327 Ga. App. 628, 630 (1) (760 SE2d 636) (2014).

[3] Id. (citation and punctuation omitted).

2010, T. B. spent the night at a Carroll County residence where Cavender was also present. She woke up in the middle of the night and found Cavender trying to lift the bedcovers off her. T. B. pulled the covers down, and nothing more happened.

Although the incident made T. B. uncomfortable, she spent the weekend with the Cavender family at their Coweta County home five or six months later, in November 2010. On the second night of the visit, T. B. was again awakened by Cavender in the middle of the night. This time, Cavender had his hands on her stomach and was tugging at her pants, which had been unbuttoned and unzipped while she slept. T. B. rolled over, buttoned her pants, and stayed still. Cavender left the room without saying anything to her. The next morning, T. B. reported the incident to her mother and the police.

Cavender made similar advances towards V. K., who is related to the Cavender family and often stayed with them. When V. K. was 12 or 13 years old, for example, she spent the night with the Cavenders, who lived in Carrollton at the time. Early in the morning, she felt her bedcovers move and saw Cavender's hand on her buttocks. When V. K. looked at Cavender, he left the room. On a subsequent occasion when she was 13 or 14 years old, V. K. again spent the night at Cavender's home and

awoke to find Cavender lifting her bedcovers near her buttocks and looking at her. As before, Cavender left the room when she awoke.

At some point, the Cavender family moved to Coweta County. After the move, V. K. and a friend spent the night at the family's new residence. Fearing that Cavender might bother her during the night, V. K. placed cushions around herself, but she woke to find Cavender pulling at her covers. Cavender left, and V. K. moved next to her friend. Although V. K. managed to go back to sleep, she woke later that night and discovered Cavender lying between her and her friend. When V. K. asked Cavender what he was doing, he ran out of the room.

On yet another occasion, V. K. encountered Cavender at her grandmother's house in Coweta County. Cavender approached while she was sleeping on a couch and pulled the covers back from her buttocks. V. K. woke up, told Cavender to leave her alone, and he departed.

Cavender also engaged in inappropriate conduct with another relative's son and daughter, D. B. and M. B. In the spring of 2010, three-year-old D. B. told his mother and stepfather that Cavender had "stuck his wee-wee into [D. B.'s] butt hole." The following spring, six-year-old M. B. made a similar outcry to her stepfather, and she informed a psychologist that Cavender had "put his private in her butt."

4

In addition to this evidence, the state offered similar transaction testimony from two other girls, C. C. and J. S. C. C. testified that, on one occasion, she and J. S. spent the night at the Cavender family home. During the night, C. C. woke up to find Cavender kneeling over her, rubbing his hand on her leg and vagina. J. S. also provided details about the incident, noting that it had occurred around November 2008 and that Cavender had rubbed her legs several times that morning as she tried to sleep.

*Case No. A14A1304*

*The Carroll County Indictment*

1. Pursuant to the Carroll County indictment, Cavender was convicted of two counts of child molestation for separate incidents in which he touched V. K.'s buttocks and removed the bedcovers from V. K. while she slept. On appeal, Cavender argues that these convictions must be reversed because "there was nothing to show physical contact of a sexual nature." We disagree.

A person commits the offense of child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the

person."[4] Child molestation does not require a physical touching.[5] The key question is whether the defendant committed an immoral or indecent act with the intent to arouse or satisfy his or the victim's sexual desires. For purposes of OCGA § 16-6-4, immoral or indecent acts are "acts generally viewed as morally indelicate or improper or offensive and acts which offend against the public's sense of propriety."[6] Whether an action meets this definition "is a jury question that may be determined in conjunction with the intent that drives the act."[7]

V. K. testified that Cavender placed his hand on her buttocks while she was sleeping and, on another occasion, lifted the covers near her buttocks and stared at her. In both instances, he quickly left the room when she woke up. The evidence

---

[4] OCGA § 16-6-4 (a) (1).

[5] See *Hicks v. State*, 254 Ga. App. 814, 816 (2) (563 SE2d 897) (2002) (the act required by child molestation statute "may be merely verbal"); *Snider v. State*, 238 Ga. App. 55, 56-57 (1) (a) (516 SE2d 569) (1999) (child molestation conviction was supported by sufficient evidence where, among other things, defendant was often nude in presence of teenaged victim, sat on edge of tub while victim bathed, and watched her take a shower).

[6] *Wormley v. State*, 255 Ga. App. 347, 348 (565 SE2d 530) (2002) (citation and punctuation omitted).

[7] *Lester v. State*, 278 Ga. App. 247, 251 (3) (628 SE2d 674) (2006) (citation and punctuation omitted).

6

further shows that Cavender committed similar acts against other sleeping girls, including one incident where he touched C. C.'s vagina and another where he tried to pull off T. B.'s pants. Under these circumstances, a jury could find that Cavender engaged in immoral or indecent acts against V. K. with the intent to arouse or satisfy his sexual desires.[8] The evidence supporting the Carroll County convictions, therefore, is sufficient.[9]

*Case No. A14A1305*

*The Coweta County Indictment*

2. Cavender argues that the State failed to prove venue as to the first two counts of the Coweta County indictment, which involve the abuse of D. B. and M. B. "[P]roper venue in all criminal cases is the county in which the crime was allegedly

---

[8] See *O'Rourke*, supra at 631 (evidence that defendant touched victim's buttocks with hand and fingers supported child molestation conviction); *Snider*, supra at 56-57 (child molestation conviction sustained in part on evidence that defendant watched teenaged victim in bath); *Pittman v. State*, 178 Ga. App. 693, 694 (4) (344 SE2d 511) (1986) ("In child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant.") (citation and punctuation omitted).

[9] See OCGA § 16-6-4 (a) (1); *O'Rourke*, supra; *Snider*, supra; see also *Shorter v. State*, 271 Ga. App. 528, 529 (1) (610 SE2d 162) (2005) (child molestation convictions supported by sufficient evidence, which included testimony from the victims and similar transaction witnesses).

7

committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt."[10] The state may establish venue through direct and circumstantial evidence.[11] Whether the state proved venue beyond a reasonable doubt is a question for the jury, and the jury's determination will not be set aside if any evidence supports it.[12]

According to Cavender, the state offered no evidence that D. B. and M. B. were molested in Coweta County. The evidence shows, however, that D. B. told a police investigator that the abuse occurred at Cavender's house, and D. B.'s outcry occurred just after he returned from a visit to Cavender's home in the spring of 2010. Similarly, M. B. stated in a forensic interview that she was abused at Cavender's residence, and she told her father that the molestation took place approximately 13 months prior to her May 2011 outcry.

---

[10] *Hargrave v. State*, 311 Ga. App. 852, 853 (1) (717 SE2d 485) (2011).

[11] Id.

[12] Id.; see also *Moody v. State*, 279 Ga. App. 457, 458-459 (631 SE2d 473) (2006) ("[A]s long as there is some competent evidence on each element necessary to prove the state's case, the jury's verdict will be upheld. [And] since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it.") (footnote and punctuation omitted).

Based on this evidence, a jury could find that both incidents occurred in the spring of 2010 at Cavender's home. And although the testimony about where Cavender lived at the time is conflicting, the record contains evidence that he resided at an apartment in Coweta County between February 2009 and at least November 2010.[13] Under these circumstances, the jury was authorized to conclude that Cavender molested D. B. and M. B. in Coweta County.[14]

3. Cavender also challenges the sufficiency of the evidence as to counts four through seven of the Coweta County indictment.[15]

(a) We agree with Cavender that the evidence is insufficient as to count four, which alleges that he molested T. B. by lifting the covers off her body while she slept. At trial, T. B. testified without equivocation that this incident occurred in Carroll County.[16] Venue in Coweta County, therefore, was improper. Although the state

---

[13] Cavender's father-in-law testified that Cavender moved into the Coweta County residence in February 2009, and T. B. asserted that he still lived there in November 2010.

[14] See id. at 854-855 (jury must resolve conflicts in evidence as to venue).

[15] Although Cavender also purports to challenge his conviction under count eight, the Coweta County indictment has only seven counts.

[16] T. B. offered no testimony about where the incident occurred in Carroll County, such as at a particular house or location. She stated only that it took place in

argues that Cavender waived the issue of venue by agreeing to join the Coweta and Carroll County indictments for trial, the record shows that he waived venue only as to the crimes indicted in Carroll County, not the Coweta County offenses. Accordingly, because the crime charged in count four of the Coweta County indictment did not take place in Coweta County, we must reverse Cavender's conviction as to this offense.[17] We note, however, that Cavender may be retried for this crime "because evidence of venue does not go to the guilt or innocence of the accused, and hence it does not invoke double jeopardy concerns."[18]

(b) The evidence relating to counts five through seven of the Coweta County indictment, however, is sufficient. Those counts allege that Cavender molested V. K. by (1) lifting her bedcovers to stare at her buttocks while she was sleeping; (2) lying down between V. K. and her friend as they slept; and (3) lifting the bedcovers off

---

Carroll County.

[17] See *Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003) (reversing conviction on venue grounds where victim testified that crime occurred at defendant's place of business, but there was no evidence as to location of business).

[18] *Rogers v. State*, 298 Ga. App. 895, 899 n.9 (3) (681 SE2d 693) (2009) (citation and punctuation omitted).

V. K.'s buttocks on a different occasion while she slept on a couch at her grandmother's house.

Once again, Cavender argues that these allegations do not imply any sexual misconduct. As we explained above, however, the jury was tasked with resolving whether Cavender's conduct constituted an immoral or indecent act committed with intent to arouse or satisfy his sexual desires. V. K. testified about these events at trial, stating that she woke each time to find Cavender moving her bedcovers, staring at her body, or sleeping beside her. When she asked Cavender what he was doing, he left the room. This evidence, combined with the evidence of Cavender's similar behavior with other girls and prior conduct toward V. K., authorized the jury to find Cavender guilty of molestation as charged in counts five through seven of the Coweta County indictment.[19]

*Judgment in Case No. A14A1304 affirmed; Judgment in Case No. A14A1305 affirmed in part and reversed in part. Ellington, P. J., and McMillian, J., concur.*

---

[19] See OCGA § 16-6-4 (a) (1); *O'Roarke*, supra; *Shorter*, supra; *Snider*, supra.