## A09A1829. BARKLEY v. THE STATE.
### (691 SE2d 306)

DOYLE, Judge.

A Fulton County jury found Orlando Barkley guilty of driving under the influence to the extent that it was less safe to drive[1] and speeding.[2] Barkley contends that the State failed to establish that venue was proper in Fulton County. Because the record belies this assertion, we affirm.

Viewed in the light most favorable to the verdict,[3] the evidence shows that a Union City police officer was operating a stationary laser on Interstate 85 when he noticed a southbound vehicle which he judged to be traveling over the posted 65 miles per hour speed limit. The officer targeted the car with his laser, which reported a speed of 83 miles per hour at a distance of approximately 950 feet.

Approximately 20 to 30 seconds after "clocking" the vehicle, the officer pulled it over. The officer noticed the smell of alcohol coming from inside the car as he approached the driver's side door. He asked the driver, Barkley, to exit the car, and Barkley complied. Barkley admitted to have been drinking earlier that day. At the officer's request, Barkley agreed to perform a series of standardized field sobriety tests. Barkley also submitted to a portable breath test, which was positive for the presence of alcohol. Based on his observations and training, the officer placed Barkley under arrest for speeding and for driving under the influence.

Barkley contends that the State failed to carry its burden of proving venue beyond a reasonable doubt. "The State may establish

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-181 (b).

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence. It must, however, come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid."[4] As a rule, criminal cases shall be tried in the county where the crime was committed.[5] "Whether the evidence as to venue satisfied the reasonable-doubt standard [is] a question for the jury, and its decision will not be set aside if there is any evidence to support it."[6]

According to the arresting officer, he was operating his laser "on Interstate 85, where it comes into the city limits of Union City, Fulton County[,] Georgia." When the prosecutor later asked the officer if "the road that you were on was Interstate 85 South," and "[i]s that within the confines of Fulton County," the officer answered "yes, ma'am," and "it is," respectively.

Barkley contends that the evidence failed to show that he committed the crimes in Fulton County. For example, Barkley points out that, according to the officer, he saw Barkley's car at "approximately the mile marker 65, 64 area," and the traffic stop occurred "around State Route 38 on the Interstate." There was no testimony that these specific locations were in Fulton County. Barkley also relies on *Tunarka v. State*,[7] in which we found that evidence of the defendant's street address and a code number on his driver's license was insufficient to show the defendant's residence was located within Cobb County.

Notwithstanding Barkley's attempts to parse the evidence, testimony showed that Barkley was traveling on Interstate 85, that the officer was in Fulton County when he observed Barkley traveling on the interstate less than a thousand feet away, and that the officer pulled Barkley over a short time later. The jury could also infer that the officer's testimony that "it" was within Fulton County referred to Interstate 85 South, and that the portion of Interstate 85 on which the officer was stationed and Barkley was traveling was within Fulton County. Unlike *Tunarka*, the evidence here connects the location of the crime to the county in which it occurred. Therefore, the jury was authorized to conclude beyond a reasonable doubt that Barkley was speeding and driving under the influence within the confines of Fulton County.[8]

---

[4] *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000).

[5] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a).

[6] (Punctuation and footnote omitted.) *Mahone v. State*, 293 Ga. App. 790, 793-794 (2) (668 SE2d 303) (2008).

[7] 247 Ga. App. 578, 579-580 (545 SE2d 15) (2001).

[8] See *Robinson v. State*, 275 Ga. 143, 144 (2) (561 SE2d 823) (2002) (where testimony showed that the victim's body was discovered in a yard on the edge of Lockwood Drive, and

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 23, 2010.

*Cynthia S. Griffin*, for appellant.
*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.

---

that that particular street was in Fulton County, the logical import of the testimony was that the crime scene was in Fulton County); *West v. State*, 296 Ga. App. 58, 60 (1) (673 SE2d 558) (2009) (where officer "responded to a 911 call regarding a vehicle located on North Seedtick Road, which he specifically testified was located in Dawson County," the evidence was sufficient to prove venue in Dawson County beyond a reasonable doubt).