**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 6, 2012**

# In the Court of Appeals of Georgia

A12A1107. LIGER v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Vincent Liger was convicted of rape (OCGA § 16-6-1 (a) (2)), incest (OCGA § 16-6-22 (a) (1)), and child molestation (OCGA § 16-6-4 (a) (1)). Liger appeals from the denial of his motion for new trial, contending that the evidence was insufficient to prove venue as to the child molestation charge, and that the trial court's jury charge impermissibly expanded the manner in which the rape crime was committed. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.

(Citations and punctuation omitted.) *Damerow v. State*, 310 Ga. App. 530, 531 (714 SE2d 82) (2011).

So viewed, the evidence shows that the victim was born in 1998 and was Liger's daughter. In 2004, the victim lived with Liger in the United States Virgin Islands. Around 2005, when the victim turned seven years of age, Liger started sexually molesting her by placing his penis in her vagina and on her anus. In 2006, the victim left the Virgin Islands and moved to live with her mother in Georgia. Liger also moved to Georgia at the same time and continued to have contact with the victim. In December 2006, the victim went to reside with Liger at her aunt's house in Paulding County. Liger continued to molest his daughter at the Paulding County residence.

In 2008, the victim told her mother that Liger had been sexually molesting her. The victim's mother reported the abuse to the police and took the victim to a pediatrician for a physical examination. The pediatrician who examined the victim observed abnormalities in the victim's vagina that were consistent with the victim's reports of multiple sexual assaults.

The victim was also interviewed by a child forensic expert. During her interview, the victim recounted the multiple occasions that Liger had placed his penis

in her vagina and on her anus in the Virgin Islands and at her aunt's house. The forensic interview was recorded on video, which was admitted into evidence and played for the jury at trial. Following the presentation of evidence, Liger was convicted of rape, incest, and child molestation.

1. Liger contends that the State failed to prove venue as to the child molestation count charging him with placing his penis on the victim's anus. We disagree.

> Venue is an essential element that must be proved beyond a reasonable doubt. As with all other essential elements of a crime, weighing the evidence of venue is a function of the jury, not of this Court. Likewise, the credibility of a witness, even on the issue of venue, is to be determined by the jury.

(Punctuation and footnotes omitted.) *Brown v. State*, 287 Ga. App. 857, 858-859 (2) (652 SE2d 807) (2007). "Whether the evidence as to venue satisfied the reasonable-doubt standard is a question for the jury, and its decision will not be set aside if there is any evidence to support it." (Citation and punctuation omitted.) *Hargrave v. State*, 311 Ga. App. 852, 853-854 (1) (717 SE2d 485) (2011).

Here, contrary to Liger's claims, the victim did not state that he placed his penis on her anus only while they lived together in the Virgin Islands. Notably, in her forensic interview, the victim reported that between the time she was seven and eight years old, Liger had placed his penis on her anus both in the Virgin Islands and at her

3

aunt's house. Other evidence showed that the victim's aunt's residence was located in Paulding County. Although Liger claims that the victim's description of the location of events was vague, taking the testimony as a whole, including the victim's statements to the forensic interviewer, there was evidence authorizing the jury to conclude that the child molestation offense was committed in Paulding County. See *Cardenas v. State*, 282 Ga. App. 473, 475 (2) (638 SE2d 866) (2006) (where crimes have been committed continuously, evidence that the defendant committed the crimes in one county even though he may have also committed them elsewhere is sufficient to establish venue); *Henry v. State*, 274 Ga. App. 139, 143 (5) (616 SE2d 883) (2005) (victim's testimony that defendant committed offenses in subject county, even though the defendant may have also committed some of the offenses elsewhere, was sufficient to establish venue).

2. Liger contends that the trial court's instructions to the jury led the jury to believe that they could convict him of rape in a manner not charged in the indictment. We disagree.

The indictment alleged that Liger committed rape by having " carnal knowledge of [the victim], a female child less than 10 years old, when [his] penis, his

4

male sex organ, penetrated [the victim's] vagina, her female sex organ[.]" During the jury charge, the trial court gave Liger's requested rape instruction, stating that

> [a] person commits the offense of rape when he has carnal knowledge of a female under the age of ten. Carnal knowledge in rape occurs when there is *any penetration* of the female sex organ by the male sex organ.

(Emphasis supplied.) See OCGA § 16-6-1 (a).

During deliberations, the jury asked for a definition of penetration. In response, the trial court gave the jury a recharge on the definition of rape, and also charged that

> the element of penetration requires proof of a slight penetration of the anterior of the female sexual organ known as the vulva or labia by the sexual organ of the male. It is not essential in a rape case for there to be proof that the vagina was entered or that the hymen was ruptured, but there must be some penetration of the female sex organ.

Liger argues that the trial court's instruction defining penetration violated his due process rights because the jury was led to believe that it could convict him for penetration of any part of the victim's sexual organ, rather than penetration of her vagina as alleged in the indictment. In essence, Liger argues that penetration of the vulva and labia are not sufficient to constitute penetration of the vagina, as alleged in the indictment.

> A criminal defendant's right to due process may be endangered when an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime

5

as an act which may be committed in a manner other than the manner alleged in the indictment. The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment. . . . While instructing the jury . . . that a crime can be committed in a manner different from that charged in the indictment can constitute reversible error, a reversal is not mandated where the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment.

(Punctuation and footnotes omitted.) *Adams v. State*, 312 Ga. App. 570, 576 (2) (718 SE2d 899) (2011).

Here, in objecting to the trial court's penetration charge, Liger specifically requested that the trial court respond to the jury's question by repeating his requested rape charge, which stated the offense included "*any penetration* of the female sex organ by the male sex organ." (Emphasis supplied.) Given that Liger received his requested rape charge, he has failed to demonstrate how the trial court's penetration charge, which merely described the female sexual organ, violated his due process rights. The trial court's instruction defining penetration was an accurate statement of the law, as

the penetration of the female sexual organ by the sexual organ of the male, which is necessary to constitute rape, need be only slight; it is not necessary that the vagina shall be entered, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient.

6

(Citations and punctuation omitted.) *Lloyd v. State*, 288 Ga. 481, 491 (4) (c) (705 SE2d 616) (2011). Consequently, the trial court's penetration charge did not instruct the jury that the rape could be committed in a manner different than charged in the indictment.

Moreover,

the trial court read the indictment to the jury, instructed the jury that the State had the burden of proving every material allegation in the indictment beyond a reasonable doubt, and sent the indictment out with the jury during its deliberations. And after defining the crimes alleged, the trial court instructed the jury that it would be authorized to find [Liger] guilty if it believed beyond a reasonable doubt that he committed the crimes as set forth in the indictment. These instructions cured any complained of problem with the [penetration charge].

(Punctuation and footnotes omitted.) *Adams*, supra, 312 Ga. App. at 576 (2); see also *Machado v. State*, 300 Ga. App. 459, 462-463 (5) (685 SE2d 428) (2009).

*Judgment affirmed. Branch, J., concurs. Ray, J., concurs in Division 1 and concurs in judgment only in Division 2.*