## S13A0830. WALTON v. THE STATE.
### (748 SE2d 866)

BLACKWELL, Justice.

Raymon Napoleon Walton was tried by a Harris County jury and convicted of murder, kidnapping with bodily injury, and theft by taking, all in connection with the death of Alkenyatta Wilson. He appeals, contending that the State failed to prove that venue properly lay in Harris County. Walton also claims that the trial court erred when it gave a preliminary charge to the jury and when it denied his motion for mistrial. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] The crimes of which Walton was convicted were committed on July 27, 2001. Walton was indicted on January 10, 2005 and charged with malice murder, felony murder, kidnapping with

1. Viewed in the light most favorable to the verdict, the evidence shows that Walton is the oldest of three brothers. The middle brother, Roderick Johnson, worked with Wilson at a mobile home dealership in Opelika, Alabama. In January 2001, Wilson reported to law enforcement officers that Johnson had stolen a trailer from the dealership. Wilson said that Johnson had left the trailer with his youngest brother, who lived with Walton in Talbotton. Officers subsequently found the trailer in Talbotton, and Johnson was arrested and charged in Alabama with theft. His trial was set for August 2001.

A few weeks before the trial, Wilson went missing. On the afternoon of July 27, his co-workers saw him leave the dealership in his truck with a man whom, they believed, was a customer. When Wilson did not return to the dealership, his co-workers went to the location to which, they thought, Wilson had driven with the customer, but they saw no sign of Wilson, his truck, or the customer. The co-workers helped investigators create a composite sketch of the customer, and investigators later received a tip from someone in Talbotton, who identified Walton as the customer depicted in the sketch, and who added that Wilson had been put into a well. Investigators were unable to find the well, however, and their case went cold after a few months.

The case was reopened in 2004 when investigators heard from an ex-girlfriend of Walton. She told them — and later testified at trial — that Walton admitted to her that he helped to kill a man from Opelika who had worked with his brother and had tried "to send [his] brother to prison." Walton also told her, she said, that they had tied up the man, taped his mouth, beat him, and thrown him headfirst into a well off Highway 315, somewhere in Harris or Talbot County. Investigators subsequently found Wilson in a well off Highway 315 in Harris County. By then, his body was badly decomposed, but forensic examiners were able to conclude that he most likely died of blunt force trauma to the back of his head. He was still alive, the forensic

bodily injury, and armed robbery. His trial commenced on September 26, 2011, and the jury returned its verdict three days later, finding Walton guilty of malice murder, felony murder, kidnapping with bodily injury, and theft by taking as a lesser included offense of armed robbery. Walton was sentenced to a term of imprisonment for life for malice murder, a consecutive term of imprisonment for life for kidnapping with bodily injury, and a consecutive term of imprisonment for ten years for theft by taking. The verdict as to felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Walton timely filed a motion for new trial on October 31, 2011, and he amended it on October 11, 2012. The trial court denied the motion on December 27, 2012. Walton timely filed a notice of appeal on January 7, 2013. The case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

examiners found, when he was thrown into the well, and he survived there for some time, but eventually succumbed to his fatal injury. His truck was found buried in Talbot County.[2] Aside from venue — which we consider in Division 2 below — Walton does not dispute that the evidence was legally sufficient to sustain his convictions. Nevertheless, we independently have reviewed the evidence, and we conclude that it was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Walton was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Walton contends that the State failed to prove that venue lay in Harris County. A criminal case must be tried "in the county where the crime was committed," Ga. Const. of 1983, Art. VI, Sec. II, Par. VI, and a murder is "considered as having been committed in the county in which the cause of death was inflicted." OCGA § 17-2-2 (c). "If it cannot be determined in which county the cause of death was inflicted, it shall be considered that it was inflicted in the county in which the death occurred." Id. And "[i]f a dead body is discovered in this state[,] and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered." Id. In this case, there was no clear evidence that the fatal injury was inflicted anywhere other than Harris County, where Wilson was found, and where he died. Accordingly, the State sufficiently proved venue as to the murder.

About the kidnapping and theft, we note that venue may be proven by circumstantial evidence, and it generally is a question for the jury. See *Pruitt v. State*, 279 Ga. 140, 143 (4) (611 SE2d 47) (2005). Here, there was evidence that Wilson drove his truck from the dealership in Alabama, that no blood or tissue was found in his truck, that he was last seen alive in Harris County, where he was thrown into the well, and that Walton was seen driving the truck in Talbot County, where he hired someone to bury it. And there was no evidence that Wilson appeared to be in distress when he drove away from the dealership in Alabama. From that evidence, we think, a rational jury might reasonably have inferred that Wilson drove from Alabama into Georgia of his own volition, that he was abducted by Walton in Harris County, and that Walton subsequently drove the truck along Highway 315 from Harris County into Talbot County. Accordingly, we conclude that venue was sufficiently proven as to kidnapping and theft as well. See OCGA § 17-2-2 (h) ("If in any case it cannot be

---

[2] At trial, there was evidence that Walton hired someone to bury the truck in July 2001.

determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed."). See also OCGA § 16-8-11 (in a theft case, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft"); *Potts v. State*, 261 Ga. 716, 720 (2) (410 SE2d 89) (1991) (prior to 2009, venue for kidnapping was the county from which the victim is abducted).[3]

3. Walton also claims that the trial court erred when it gave a preliminary charge to the jury, specifically when the trial court charged that, "[i]f the State doesn't present any evidence, the [d]efendant walks out because he has no burden of proof." According to Walton, this charge effectively lowered the burden of proof that the State must bear because it suggested that the State need only present "any evidence." Walton did not object to the charge, however, and for that reason, we review it only for plain error. See *Simmons v. State*, 291 Ga. 705, 712 (9) (b) (733 SE2d 280) (2012); see also *Guajardo v. State*, 290 Ga. 172, 175-176 (4) (718 SE2d 292) (2011) ("The proper inquiry . . . is whether the instruction . . . was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding.") (citation and punctuation omitted).

The charge about which Walton complains came at the end of a lengthy pattern charge, and it was preceded by a charge that correctly and completely stated the burden of proof for the State.[4] Immediately

---

[3] In 2009, OCGA § 16-5-40 (f) was amended to provide that kidnapping is "a continuous offense, and venue may be in any county where the accused exercises dominion or control over the person of another." Ga. L. 2009, p. 331, § 1.

[4] As a part of its preliminary charge, the trial court correctly instructed the jury:
> A defendant is presumed to be innocent until he is proven guilty. A defendant enters upon the trial of a case with a presumption of innocence in his favor, and this presumption remains with the defendant until it is overcome by the State with evidence that is sufficient to convince you beyond a reasonable doubt that the defendant is guilty of the crimes charged. . . . The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.

The trial court also informed the jury that
> [t]here is no burden of proof upon the defendant whatsoever[,] and the burden never shifts to the defendant to prove be [sic] prove his innocence. . . . If the State fails to prove the defendant's guilt beyond a reasonable doubt, it will be your duty to acquit the defendant.

In addition, the trial court again properly instructed the jury on the burden of proof just before the commencement of deliberations, saying that
> [u]nder our law, a defendant is presumed to be innocent until proven guilty. The defendant enters upon the trial of a case with the presumption of innocence in his favor, and this presumption remains with the defendant until it is overcome by the State with evidence that is sufficient to convince you beyond a reasonable doubt

after charging the jury on the burden of proof, the trial court attempted to explain to the jury "how the trial proceeds," and as a part of that explanation, the trial court said that, "[b]ecause the defendant enters a trial presumed to be innocent, the State goes first in presenting evidence." It was at that point that the trial court gave the charge about which Walton complains, informing the jury that, if the State did not "present any evidence, the defendant walks out because he has no burden of proof." Following the disputed charge, the trial court continued to instruct the jury about the trial process, describing the examination and cross-examination of witnesses during the presentation of the case-in-chief, and informing the jury that "the defense may present witnesses if the defense chooses," but also reminding the jury that "the defense has no burden in this case." The trial court then instructed the jury about closing arguments and the commencement of deliberations. Although the disputed instruction, standing alone, was not a complete instruction on the burden of proof, the record shows that it did not stand alone, nor was it intended by the trial court to stand alone. Compare *Jones v. State*, 252 Ga. App. 332, 335 (2) (b) (556 SE2d 238) (2001) (erroneous instruction "purported to summarize the entire charge on reasonable doubt"). Reviewing the charges as a whole, there is no reasonable likelihood that the jury convicted Walton "on anything less than a reasonable doubt standard." *Bridges v. State*, 268 Ga. 700, 704 (2) (b) (492 SE2d 877) (1997). The preliminary charge was not plain error.

4. Finally, Walton contends that Wilson's fiancée fainted in the presence of the jury and that the trial court should have granted a mistrial. As a witness was testifying about Wilson's remains, something happened in the rear of the courtroom. Walton promptly moved for a mistrial, and his lawyer told the trial judge that the jury had seen the fiancée faint. The prosecuting attorney acknowledged that there had been a commotion of some sort, but said that it appeared that the fiancée merely tripped as she was exiting the courtroom. The trial judge concurred that the fiancée had only stumbled, and the

---

that the defendant is guilty of each of the offenses charged. . . . Under our system, no person shall be convicted of any crime unless and until each element of the crime as charged is proven beyond a reasonable doubt. Now, the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. There is no burden of proof upon the defendant whatsoever, and the burden never shifts to the defendant to introduce evidence or to prove innocence. . . . If the State fails to prove the defendant is guilty beyond a reasonable doubt, it would be your duty to acquit the defendant. . . . The State has the burden of proof on those elements on each crime as charged in the case, and such burden never shifts to the defendant.

court denied the motion for a mistrial. The trial court also denied a request to poll the jury about this incident and gave no instruction to the jury about it. On appeal, Walton argues that the commotion unfairly prejudiced him by provoking the sympathies of the jury.

"Whether to declare a mistrial is in the discretion of the trial court and will not be disturbed on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." *Rafi v. State*, 289 Ga. 716, 720 (4) (715 SE2d 113) (2011) (citations and punctuation omitted). From the record, it is not clear whether the fiancée actually fainted or merely stumbled. But the incident occurred in front of the trial judge, and he was in a better position than this Court to determine the nature of the "commotion" and its likely effect, if any, upon the jury. And even if Wilson's fiancée had fainted, the trial court would have been authorized to find that the commotion was not significant enough to require a mistrial. See *Forney v. State*, 255 Ga. 316, 318 (3) (338 SE2d 252) (1986) (finding no abuse of discretion when trial court denied a motion for a mistrial after the victim's wife cried openly during closing argument and had to be escorted from the courtroom). We cannot say, therefore, that the trial court abused its discretion when it denied the motion for mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Jennifer A. Trieshmann*, for appellant.

*Julia Fessenden Slater, District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General, Laura J. Murphree*, for appellee.