In the Supreme Court of Georgia

Decided:   November 2, 2015

S15A0883. MARTIN v. McLAUGHLIN.

BLACKWELL, Justice.

Eddie Davis Martin, Jr. appeals from the denial of his petition for a writ of habeas corpus. In 2006, Martin was tried in Dawson County and convicted of aggravated sexual battery, aggravated child molestation, and child molestation. His convictions were affirmed on direct appeal. See Martin v. State, 294 Ga. App. 117 (668 SE2d 549) (2008). Martin now asserts that he was denied the effective assistance of counsel in his direct appeal because his appellate lawyer never raised a claim of error with respect to proof of venue. The State failed to prove at trial, Martin contends, that venue was proper in Dawson County, and if only his appellate lawyer had raised this shortcoming of proof on direct appeal, his convictions would have been overturned. The habeas court rejected this contention, and for the reasons that follow, we reject it as well. The denial of the petition for a writ of habeas corpus is affirmed.

"To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must show that his appellate counsel was deficient in failing to raise an issue on appeal and that, if counsel had raised that issue, there is a reasonable probability that the outcome of the appeal would have been different." Thompson v. Brown, 288 Ga. 855, 855 (708 SE2d 270) (2011). Performance and prejudice always are distinct questions in an analytical sense, but in cases like this one, they often are substantially conflated in practice, and the merits of the underlying claim that the petitioner contends his lawyer should have raised on direct appeal often are dispositive of both questions. If the underlying claim of reversible error has clear and strong merit under the law as it existed at the time of the appeal, that would tend to show that a competent lawyer ought to have raised it, and it would tend to show as well that the outcome of the appeal probably would have been different if the claim had been raised. If the claim is without merit, however, it cannot be said that every competent lawyer would have asserted such a claim, and it likewise cannot be said that the outcome of the appeal would have been other than it was. We now turn, therefore, to the merits of the underlying claim that the State failed at trial to offer sufficient proof that venue was proper in Dawson County.

2

As a general rule, our Constitution provides that a criminal case must be tried "in the county where the crime was committed,"[1] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI, and when venue is in issue, it is a jurisdictional fact that must be proved by the State beyond a reasonable doubt.[2] Crawford v. State, ___ Ga. ___ (3) (Case No. S15A0895, decided Sep. 14, 2015). Even so, venue generally is a question for the jury, see Pruitt v. State, 279 Ga. 140, 143 (4) (611 SE2d 47) (2005), and on direct appeal, the evidence must be viewed in the light most favorable to the verdict of the jury, and the verdict must be sustained as to venue so long as the evidence would permit a rational jury to find beyond a reasonable doubt that venue was properly laid.[3] See Walton v. State, 293 Ga.

---

[1] Our Constitution allows that a criminal case may be tried elsewhere if "the judge is satisfied that an impartial jury cannot be obtained in [the] county [where the crime was committed]." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[2] Our Constitution does not specify the procedures by which questions of venue are to be raised and resolved. Under our current law, venue is put in issue by the entry of a plea of not guilty to an indictment or accusation. See Jones v. State, 272 Ga. 900, 902 (2) (537 SE2d 80) (2000). No statute or court rule requires a special plea of mislaid venue.

[3] In a number of recent cases, our Court of Appeals has said that a verdict must be sustained as to venue if there is "any evidence" to support it. See, e.g., Freeman v. State, 333 Ga. App. 6, 13 (3) (775 SE2d 258) (2015); Estrada-Nava v. State, 332 Ga. App. 133, 138 (3) (771 SE2d 28) (2015); Hogan v. State, 330 Ga. App. 596, 602 (4) (768 SE2d 779) (2015); Cavender v. State, 329 Ga. App. 845, 848 (2) (766 SE2d 196) (2014); Davis v. State, 328 Ga. App. 796, 797-798 (1) (760 SE2d 728) (2014); Taylor v. State, 328 Ga. App. 551, 553-554 (1) (759 SE2d 892) (2014); Stockard v. State, 327 Ga. App. 184, 185 (761 SE2d 351) (2014); Davis v. State, 322 Ga. App. 826, 827 (1) (747 SE2d 19) (2013); In re M. C., 322 Ga. App.

607, 609 (2) (748 SE2d 866) (2013). To show that his appellate lawyer should have claimed — and would have been successful in claiming — that the State failed to sufficiently prove venue, Martin must show that the evidence presented to his trial jury would not have authorized it to conclude that venue was properly laid in Dawson County. Martin has failed to carry this burden in two respects.

In the first place, Martin failed to put the entire record of his trial — that is, a comprehensive and complete record of *all* of the evidence that was put

---

239, 242 (2) (744 SE2d 436) (2013); Erick v. State, 322 Ga. App. 71, 74 (744 SE2d 69) (2013); Liger v. State, 318 Ga. App. 373, 374 (1) (734 SE2d 80) (2012); Sherrell v. State, 317 Ga. App. 571, 574 (1) (731 SE2d 790) (2012); Alexis v. State, 313 Ga. App. 283, 285 (1) (721 SE2d 205) (2011); Hargrave v. State, 311 Ga. App. 852, 853-854 (1) (717 SE2d 485) (2011); Chavez v. State, 306 Ga. App. 272, 273 (701 SE2d 902) (2010); Cantera v. State, 304 Ga. App. 289, 292 (1) (b) (696 SE2d 354) (2010); Barkley v. State, 302 Ga. App. 437, 438 (691 SE2d 306) (2010); Bynum v. State, 300 Ga. App. 163, 167 (4) (684 SE2d 330) (2009); Leftwich v. State, 299 Ga. App. 392, 399 (4) (682 SE2d 614) (2009). At one time, this Court similarly employed an "any evidence" or "slight evidence" standard when we considered whether the State had sufficiently proved venue in a criminal case. See, e.g., Alderman v. State, 241 Ga. 496, 509 (5) (246 SE2d 642) (1978); Johns v. State, 239 Ga. 681, 682 (1) (238 SE2d 372) (1977); Wilkes v. State, 238 Ga. 57, 58 (1) (230 SE2d 867) (1976). We, however, disapproved that standard 15 years ago in Jones v. State, 272 Ga. 900, 903 (2) (537 SE2d 80) (2000). Because our law requires the State to prove beyond a reasonable doubt that venue is properly laid, the standard by which appellate courts are to assess the sufficiency of the evidence of venue is functionally equivalent to the standard by which they assess the sufficiency of the proof of guilt. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). When reviewing the sufficiency of the evidence as to venue, an appellate court must view the evidence in the light most favorable to the verdict and inquire whether the evidence would authorize a rational trier of fact to find beyond a reasonable doubt that venue was properly laid. We disapprove the decisions of the Court of Appeals to the contrary.

before his trial jury, which would have been the very record upon which his appellate lawyer would have had to make any claims of error about the sufficiency of the proof — before the habeas court. Although Martin brought the transcripts of his trial into the habeas court, he did not bring forward an exhibit that was admitted into evidence at his trial. Importantly, that exhibit — a video recording of an interview of the victim, at whose home Martin committed his crimes — might well have included evidence of venue. We do not know with certainty, of course, whether the exhibit actually included any proof of venue, but that is only because Martin failed to put it before the habeas court. As a petitioner in habeas, Martin bears the burden of proof, see Lejeune v. McLaughlin, 296 Ga. 291, 294-295 (2) (766 SE2d 803) (2014), and as we have said before with respect to claims of ineffective assistance of counsel, "a silent or ambiguous record" is not enough to carry the petitioner's burden. Humphrey v. Walker, 294 Ga. 855, 859-860 (I) (A) (757 SE2d 68) (2014). For this reason alone, Martin is not entitled to habeas relief.

Moreover, the trial transcripts that Martin put before the habeas court include proof of venue. First, an investigator with the Dawson County Sheriff's Office testified that she was "on duty and working as an investigator with

5

Dawson County" when she was dispatched to the victim's home to investigate the crimes that Martin committed there. See Chapman v. State, 275 Ga. 314, 317-318 (4) (565 SE2d 442) (2002) ("[i]n light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise, the jury was authorized to find the police officer acted within the territorial jurisdiction in which he testified he was employed") (citations omitted). Even if this testimony alone were not enough, see In the Interest of B. R., 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007), other evidence presented by the State also supports the conclusion of the jury that the victim's home is in Dawson County. The victim's father testified that the restaurant at which his daughter met Martin was near their home, but the restaurant was not in Dawson County. Instead, the father explained, the restaurant was "just right across the line" in Pickens County. This testimony is ambiguous about the location of the home, but a jury, we think, reasonably could have understood the father to mean that the restaurant was in Pickens County, "just right across" the Pickens-Dawson line from the home of the victim. And ambiguities in the trial evidence must be resolved by the trial jury, not habeas or appellate courts. See, e.g., Browner v. State, 296 Ga. 136,

6

140-141 (1) (765 SE2d 348) (2014); Miller v. State, 295 Ga. 769, 771 (1) (764 SE2d 135) (2014).

Most important, the victim was asked at trial "what county [her] house is in," and she responded: "[I]n Dawsonville." There is no "Dawsonville County," of course, and so, the jury reasonably could have taken the response in one of two ways. The jury could have understood the victim to mean that she lived in Dawson County, or it could have understood her response as not actually responsive to the question and to mean only that she lived in the City of Dawsonville. The victim in this case was, at the time of her testimony, thirteen years of age, and she was described in the trial record as being "soft-spoken." She often responded to questions by nodding her head, and she had to be repeatedly reminded to speak into the microphone at the witness stand. The jury was entitled to decide for itself the most reasonable way in which to understand her ambiguous testimony about her home in "Dawsonville" County, and it would not have been unreasonable for the jury to decide that she meant that her home was in Dawson County. See Browner, supra. Viewed in the light most favorable to the verdict, this evidence would have been sufficient to authorize

7

a rational jury to find beyond a reasonable doubt that Martin committed his crimes in Dawson County.

Even from the partial trial record that Martin brought forward in the habeas court, we conclude that any challenge on direct appeal to the sufficiency of proof of venue would have failed. That being so, Martin has failed to show that his appellate lawyer was unreasonable to fail to raise proof of venue on direct appeal, and he has failed to show as well that the outcome of his appeal would have been any different if venue had been made an issue. Accordingly, the habeas court did not err when it denied the petition for a writ of habeas corpus.

Judgment affirmed. All the Justices concur.