303 Ga. 804
FINAL COPY

S18A0052.  HOLT v. EBINGER.

BLACKWELL, Justice.

Warden Ahmed Holt appeals the grant of habeas relief to George Elliott Ebinger, who was tried in 2014 by a Cherokee County jury and convicted of one count of aggravated assault. The habeas court granted relief on the basis of ineffective assistance of both trial and appellate counsel. The Warden argues that the habeas court erred by improperly reaching the merits of the ineffective assistance of trial counsel claims and by finding that Ebinger was prejudiced by appellate counsel's alleged deficiencies. We reverse because Ebinger's failure to complete the record with relevant evidence from the trial proceedings is fatal to all of the claims for which he was granted habeas relief.

This case arose from a January 2013 roadway altercation between Ebinger and another motorist, Logan Lord, that came to a head in a shopping center parking lot. Lord claimed to have suffered injuries to his arms when Ebinger hit

him with a shovel. Lord testified at trial that he initially held a knife at his side and then began to stab at Ebinger only after Ebinger began swinging at him with the shovel. Ebinger testified that Lord began attacking him with a knife as soon as he exited his vehicle and that he struck Lord with the shovel only to defend himself. On cross-examination, Ebinger was questioned about a comment that he made on Facebook about the incident, acknowledging that he said, "It was kind of fun." Video recordings from two store surveillance cameras were admitted as State's Exhibits 2 and 3 and played for the jury. Testimony at trial suggested that each of the videos showed at least some portion of the interactions between Ebinger and Lord.

Ebinger's trial counsel was aware of an eyewitness, Tammy Kitchen, who suggested in her statement to law enforcement that Lord was the aggressor, but trial counsel did not secure her testimony for trial. At trial, defense counsel attempted to ask one of the responding deputies about what Kitchen told him, but a hearsay objection was sustained. Convicted at trial, Ebinger was sentenced to a term of 15 years, to serve five.

Ebinger's appellate counsel raised a claim of ineffective assistance of trial counsel in an amended motion for new trial and on direct appeal, alleging that

2

trial counsel was ineffective for, among other reasons, failing to secure Kitchen's testimony and because he elicited testimony from Ebinger that he had a prior conviction for domestic violence. Appellate counsel issued a subpoena for Kitchen's testimony three days before the hearing on the motion for new trial, but it was not served until four days after the hearing, and she did not testify at the hearing. The trial court denied the motion for new trial, and the Court of Appeals affirmed Ebinger's conviction. Ebinger v. State, 334 Ga. App. XXV (A15A1924) (Nov. 18, 2015) (unpublished). The Court of Appeals said that the record showed trial counsel made a diligent effort to locate Kitchen and that trial counsel's decision to elicit Ebinger's testimony about his prior conviction for domestic violence was an acceptable trial tactic.

In February 2016, Ebinger filed through appellate counsel a petition for reduction of sentence. At a hearing on that petition, the trial court heard testimony from Kitchen and her teenage daughter, Cheyenne, to the effect that Lord, not Ebinger, was the aggressor. In denying Ebinger's request for a reduction of sentence, the trial judge, who presided over the trial and the motion for new trial hearing, found the Kitchens' testimony "at odds" with the surveillance video evidence presented at trial, saying Ebinger "was seeking

3

[Lord] out, based on the video."

Ebinger filed a pro se state habeas petition on May 5, 2016, and new counsel filed an amended petition on December 29, 2016. The amended petition alleged that trial counsel was ineffective for failing to secure the Kitchens for trial, failing to investigate and pursue the defense of immunity for self-defense under OCGA § 16-3-24.2, and eliciting evidence of Ebinger's prior conviction for domestic violence. The petition also alleged that appellate counsel was ineffective for failing to procure the Kitchens' testimony at the motion for new trial stage and for not raising on appeal trial counsel's failure to pursue an immunity defense.

At the evidentiary hearing in the habeas case, the Kitchens again testified that Lord, not Ebinger, was the aggressor in the altercation. Both testified that Ebinger obtained a shovel to use in self-defense only after Lord attacked him with what appeared to be a knife. Tammy Kitchen also testified that she spoke with Ebinger's trial counsel several months before trial, providing him a new address and cell phone number, but never heard from him again.[1]

---

[1] Trial counsel testified that he did not speak with Tammy Kitchen prior to trial and detailed his attempts to reach her, including sending "several subpoenas to several different addresses."

The habeas court granted Ebinger's petition, finding ineffective assistance of counsel on the part of both trial and appellate counsel. The court rejected the Warden's argument that Ebinger's claims of ineffectiveness of trial counsel were procedurally defaulted and found that trial counsel was ineffective for failing to pursue an immunity defense and for failing to secure the Kitchens' testimony.[2] The habeas court found that appellate counsel also had been ineffective in failing to secure the Kitchens' testimony before continuing with post-trial proceedings and in failing to raise a claim about trial counsel's failure to pursue an immunity defense.

The Warden filed this appeal. The Warden first contends that the habeas court erred in reaching the merits of the claims of ineffective assistance of trial counsel, arguing that the habeas court did not perform the requisite procedural default analysis as to the claim based on trial counsel's failure to pursue an immunity defense and incorrectly concluded that the claim based on trial counsel's failure to secure the Kitchens' testimony was not barred by procedural

---

[2] The habeas court appeared to recognize that the claim about trial counsel's eliciting Ebinger's criminal history was not a new claim, and thus was procedurally defaulted, and purported to consider the evidence on that point only "in the context of the cumulative effect of trial counsel's errors." Ebinger has filed no cross-appeal challenging that ruling to the extent that it was adverse to him.

5

default. We need not resolve the issue of procedural default, however, because all of Ebinger's claims fail for a different reason. The Warden argues that the habeas court erred when it found that Ebinger was prejudiced by appellate counsel's deficient performance. In particular with respect to Ebinger's claim that he was prejudiced by appellate counsel's inability to locate Tammy and Cheyenne Kitchen, the Warden argues among other things that the habeas court erred when it found prejudice without the benefit of the surveillance video evidence that was played for the jury at trial. The Warden emphasizes that the trial court at best discounted the Kitchens' testimony at the hearing on the petition to reduce sentence as at odds with the store surveillance video evidence.

That video evidence does not appear in the record before us, never having been placed in the record before the habeas court. At oral argument, habeas counsel asserted that he was able to obtain only one of the two store surveillance videos. The one that habeas counsel did have "did not show the altercation," he said. The other, he said, was "lost." Asked whether Ebinger had made a record before the habeas court that he lacked access to any video evidence, habeas counsel stated that he did not realize Ebinger had the burden to present the video evidence, adding that he had thought the record of trial testimony about the

6

contents of the video evidence was sufficient, particularly given that the video evidence "did not show the entire altercation." The senior assistant attorney general who appeared for the Warden at oral argument before this Court stated that habeas counsel's remarks at that hearing were the first time she had heard that the video evidence was not available.

As a petitioner in a habeas proceeding, Ebinger bears the burden of proof. Martin v. McLaughlin, 298 Ga. 44, 47 (779 SE2d 294) (2015). "[A] silent or ambiguous record is not enough to carry the petitioner's burden" to prove ineffective assistance of counsel. Id. (citation and punctuation omitted). The petitioner bears the burden to complete the habeas record with relevant records from the trial proceedings, even if those particular records are not helpful to his case on habeas, and the failure to meet that burden forecloses habeas relief. See id. at 46-47 (petitioner who claimed his appellate counsel was ineffective for not arguing insufficient proof of venue was not entitled to habeas relief where petitioner failed to put before the habeas court the entire record of his trial — including a video recording of a victim interview that might have included evidence of venue).

The video evidence in question is relevant to all of Ebinger's claims on

7

habeas. In order to establish any of his claims of ineffectiveness, Ebinger must show both that counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). In order to show prejudice, Ebinger must show that a reasonable probability exists that, but for counsel's errors, the outcome of the case would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. With respect to both Ebinger's claim that trial counsel was ineffective for failing to secure the Kitchens' testimony and his claim that trial counsel was ineffective for failing to pursue an immunity defense, the strength of the other evidence presented at trial — which included the video evidence — is relevant to the question of whether such failures affected the outcome. See Robinson v. State, 277 Ga. 75, 77 (2) (586 SE2d 313) (2003) (appellant could not show prejudice from counsel's failure to seek funds to retain an expert to refute medical examiner's testimony, given physical evidence and eyewitness testimony that was consistent with medical examiner's position); Smith v. State, 309 Ga. App. 241, 247-248 (3) (c) (709 SE2d 823) (2011) (appellant could not demonstrate how failure to pursue motion for immunity under OCGA § 16-3-

24.2 harmed him, given that evidence amounted to a "swearing contest" between victim and appellant, who could point to no additional evidence that his lawyer might have gained from a hearing on such a motion). Put another way, to show a reasonable probability that the trial would have turned out differently if only trial counsel had made different choices, Ebinger has to show what actually happened at the trial, and he must, therefore, provide the habeas court with a complete record of the relevant proceedings in the trial court. Moreover, because the video evidence is relevant to those claims that trial counsel was ineffective, it is equally relevant to Ebinger's argument that appellate counsel was ineffective for failing to raise those claims of trial counsel's alleged ineffectiveness. See Hall v. Lewis, 286 Ga. 767, 770 (II) (692 SE2d 580) (2010) (in determining whether habeas petitioner was prejudiced by appellate counsel's failure to raise trial counsel's ineffectiveness, court must examine merits of underlying ineffectiveness of trial counsel claim, including whether, but for alleged deficiencies of trial counsel, there is a reasonable probability trial would have turned out differently). Because the video evidence is relevant to all of the claims on which the habeas court granted relief, Ebinger's failure to introduce

9

this evidence in the record dooms all of those claims.[3]

Ebinger failed to carry his burden to show that he is entitled to a writ of habeas corpus, and the habeas court erred when it issued the writ. We reverse.

Judgement reversed. Hines, C. J., Melton, P. J., Benham, Boggs, Grant, JJ., and Judge Paige Reese Whitaker concur. Hunstein and Peterson, JJ., dissent. Nahmias, J., disqualified.

---

[3] We have some discretion to remand for a habeas petitioner to carry his burden of proof in certain circumstances, such as when the petitioner and habeas court proceed under case law that we subsequently overrule. See Lejeune v. McLaughlin, 296 Ga. 291, 299 (3) (766 SE2d 803) (2014). But here, the law was perfectly clear at the time of the evidentiary hearing in the habeas court that Ebinger had the burden to make a record sufficient for the habeas court to assess the question of prejudice. And although the Warden's counsel indicated at oral argument that the Warden would not oppose a remand for the habeas court to make factual findings about the availability of the video evidence, we are not bound by that concession. See Trim v. Shepard, 300 Ga. 176, 177 (794 SE2d 114) (2016) ("This Court . . . is not bound by the litigating position of the Warden, and we have an obligation to decide for ourselves whether the judgment of the habeas court is legally sound.").

PETERSON, Justice, dissenting.

Usually, appellate judges dissent because they disagree with some legal conclusion drawn by the majority in its decision. Here, I have no particular disagreement with the majority, except for its ultimate decision to reverse.

As the habeas petitioner, Ebinger bears the burden of proof and must complete the habeas record with relevant records from the trial proceedings. I agree with the majority that, to date, Ebinger has failed to meet that obligation. Nothing in the record before us excuses that failure, so the writ cannot be affirmed. But counsel for the Warden represented at oral argument that the Warden did not object to a remand for additional proceedings before the habeas court on the question of the availability of the store surveillance video evidence admitted at trial. Although not bound by the Warden's concession, I believe we should exercise our discretion to remand this case so that the habeas court may consider in the first instance whether Ebinger's failure to put either of the two store surveillance video recordings into the habeas court record was excusable

and then determine anew whether Ebinger is entitled to habeas relief in the light of that finding about the video evidence. I respectfully dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

Decided May 7, 2018 — Reconsideration denied June 18, 2018.

Habeas corpus. Gwinnett Superior Court. Before Judge Walker, pro hac vice.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellant.

King & Spalding, W. Randall Bassett, Jr., Philip R. Green, for appellee.