308 Ga. 327
FINAL COPY

S20A0232.  SIMMONS v. THE STATE.

MELTON, Chief Justice.

Following a jury trial, Eric Simmons appeals his convictions for murder and possession of a firearm during the commission of a felony.[1]  Simmons contends that the evidence presented at trial was insufficient to support his convictions and that the trial court erred by not granting his motion for a mistrial following "emotional outbursts" from the victim's family and friends.  For the reasons set forth below, we affirm.

1.  Simmons contends that the evidence presented at trial was

---

[1] On January 29, 2016, a Lowndes County grand jury indicted Simmons for felony murder predicated on aggravated assault (Count 1), aggravated assault (Count 2), and possession of a firearm during the commission of a felony (Count 3).  Simmons's trial commenced on February 6, 2017, and concluded on February 9, 2017.  The jury found him guilty on all counts.  The same day, the trial court sentenced Simmons to life in prison for count 1 and five consecutive years for Count 3.  Count 2 merged with Count 1 for sentencing purposes.  Simmons filed a motion for new trial on March 6, 2017, which was amended by new counsel on February 20, 2019.  Following a hearing, the trial court denied the motion as amended on April 2, 2019.  Simmons timely filed a notice of appeal to this Court.  His appeal was docketed to the term of this Court beginning in December 2019 and submitted for a decision on the briefs.

not sufficient to sustain his convictions because it was based upon discredited witness testimony. When evaluating the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." (Citation and punctuation omitted.) *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

Viewed in this light, the evidence shows that on the morning of August 15, 2016, Damarriss Morrow and James Bushware were at home playing video games with friends when Simmons's stepdad,

Terrell Hill, knocked on their door.[2]  Terrell wanted to speak to an adult about his belief that Morrow was engaged in a sexual relationship with Simmons's twelve-year-old sister.  No adult was present, and after briefly speaking with Morrow, Terrell left.

Shortly thereafter, Demaria Hill arrived at the house along with several more friends.  Terrell returned to the house, accompanied by Simmons, and spoke with Morrow about texting Simmons's sister.  During the exchange that followed, Hill intervened and told Terrell that the conversation "needs to stop because it's petty."  Simmons made a comment about Hill disrespecting his father; Simmons then approached Hill, pointed a .380 handgun at his head, and shot him in the forehead.  Hill fell to the ground, and Simmons and Terrell fled the scene.

Upon arrival, a patrol officer found Hill semiconscious in the back seat of a car where a friend had moved him in an attempt to transport him to the hospital.  In response to the officer's repeated

_____

[2] Simmons calls Terrell Hill his "stepdad"; however, Terrell Hill was actually the boyfriend of Simmons's mother.  We refer to him as "Terrell" to avoid confusion with the unrelated victim, Demaria Hill.

inquiries as to who shot him, Hill replied that Simmons was the shooter. Hill later died at the hospital. The medical examiner concluded that Hill's death was caused by a gunshot wound to the head. A few days later, Simmons turned himself in at a police station in Tampa, Florida. He told the police that he had shot Hill in self-defense. However, no witness saw Hill with a gun or saw him attempt to attack Simmons prior to the shooting.

Based on the foregoing, we find that the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Simmons was guilty of the crimes for which he was convicted. See *Shaw v. State*, 292 Ga. 871, 872 (1) (742 SE2d 707) (2013) ("[I]ssues of witness credibility and justification are for the jury to decide, and the jury is free to reject a defendant's claim that he acted in self-defense." (Citation and punctuation omitted.)).

2. Next, Simmons contends that the trial court abused its discretion when it denied his motion for a mistrial in response to "emotional outbursts" of the victim's family members and friends. Simmons argues that the trial court abused its discretion because it

did not take testimony from those present who observed the displays of emotion, did not question the jurors about what they saw, and did not give a curative instruction about the outbursts. We see no abuse of discretion.

"Trial courts are vested with great discretion to grant or deny mistrials because they are in the best possible position to determine whether one is warranted." *Ragan v. State*, 299 Ga. 828, 834 (3) (792 SE2d 342) (2016). "'Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion . . . .'" (Citation omitted.) *Green v. State*, 300 Ga. 707, 710 (2) (797 SE2d 863) (2017). "The decision [whether] to grant a mistrial . . . will not be disturbed on appeal unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial." *Jackson v. State*, 292 Ga. 685, 689 (4) (740 SE2d 609) (2013).

The record shows that Simmons's trial counsel moved for a mistrial after a lunch break. He reported that jurors leaving for lunch had passed the victim's family members and friends in the

hallway having "emotional outbursts." Trial counsel proffered the testimony of witnesses to the hallway outbursts. After listening to counsel's description of what had transpired, the trial court determined that it did not need to hear from witnesses, and it denied Simmons's motion for a mistrial. The trial court determined that no improper contact had been made with jurors and that merely passing upset individuals in the hallway did not rise to the level of prejudicing Simmons's right to a fair trial.

The trial court's conclusion was within its discretion. After hearing trial counsel's proffer of testimony regarding the emotional outbursts of the victim's family and friends, the trial court determined that witness testimony was not necessary. The trial court then considered whether the conduct described by counsel, which consisted of a few people crying, with one person down on her knees, had been so severe as to prejudice Simmons's right to a fair trial and determined that it had not. This was a proper exercise of the court's discretion. As for Simmons's argument that the trial court should have questioned the jurors to determine if they had

been affected by the emotional displays, Simmons did not request this, nor did he object to the trial court's failure to do so. Finally, the trial court offered to give a curative instruction to the jury during the charge of the jury at the close of evidence. But, counsel did not request the charge. Simmons cites no authority that would require a trial court to grant a mistrial under these circumstances, and we conclude that the trial court did not abuse its discretion based upon the claims raised. See *Ragan*, 299 Ga. at 834 (no abuse of discretion in denying mistrial where members of audience cried during presentation of photographs of the victim); *Walton v. State*, 293 Ga. 607 (4) (748 SE2d 866) (2013) (no abuse of discretion in denying mistrial where victim's fiancée reportedly fainted on the way out of the courtroom); *Brannan v. State*, 275 Ga. 70 (12) (561 SE2d 414) (2002) (no abuse of discretion in denying mistrial where witness cried on the stand).

*Judgment affirmed. Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED MARCH 13, 2020.
Murder. Lowndes Superior Court. Before Judge Tunison.
*Larry M. Johnson*, for appellant.
*Bradfield M. Shealy, District Attorney, Michelle T. Harrison, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.