# IN THE SUPREME COURT OF THE STATE OF NEVADA

NORMAN RENORD SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78604

**FILED**

MAY 1 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Norman Smith argues that the district court erred in denying his motions for a mistrial based on two separate outbursts involving the victim's parents. "A defendant's request for a mistrial may be granted . . . where some prejudice occurs that prevents the defendant from receiving a fair trial," *Rudin v. State*, 120 Nev. 121, 144, 86 P.3d 572, 587 (2004), and the district court's "judgment will not be overturned absent an abuse of discretion," *id.* at 142, 86 P.3d at 586.

Smith moved for a mistrial after two separate incidents where the victim's parents disrupted the proceedings. First, during voir dire, the victim's father's use of profanity interrupted the examination of the prospective jurors. When court marshals approached the victim's father, he moved toward the defense table and stated "you shot my daughter." After the marshals removed him from the courtroom, the parties met for a bench conference and then continued voir dire. Outside the presence of the jury, Smith requested a mistrial, which the district court denied. Second, during

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

Z1-13951

Smith's closing argument about self-defense, the victim's mother disrupted the proceedings before being escorted out of the courtroom. After the marshals removed her, Smith continued his closing argument. Although the outburst is not reflected in the record, when discussing the issue outside the presence of the jury, the parties believed she stated, "I'm the mother. [Smith] didn't have to shoot her."[2] The statement appears to have been in response to Smith's argument that the victim should have gone home before anything bad happened.

We conclude the district court erred in not taking steps to minimize the potential prejudice immediately after the outbursts. *See Johnson v. State*, 122 Nev. 1344, 1359, 148 P.3d 767, 777 (2006) (approving of "the district court promptly excus[ing] the jurors and admonish[ing] them" after a disruption in the courtroom). However, under the specific facts of this case, we also conclude that the district court did not abuse its discretion in denying Smith's motions for a mistrial. *See Simmons v. State*, 840 S.E.2d 365, 367 (Ga. 2020) (mistrial not warranted where jury observed "'emotional outbursts' of the victim's family members" and the district court "did not question the jurors about what they saw, and did not give a curative instruction about the outbursts"); *State v. Guay*, 33 A.3d 1166, 1170-71 (N.H. 2011) (mistrial not warranted after victim shouted that the defendant was "'such a freakin' liar'" from the audience); *Miller v. State*, 741 S.W.2d 382, 390-91 (Tex. Crim. App. 1987) (mistrial not warranted where victim's relative attempted to confront the defendant in the courtroom "'by going over the rail'"). Here, the court marshals removed both of the victim's parents after the incidents, signaling to the jury that the outbursts were

---

[2]The video recording of the proceedings is consistent with the substance of the comment discussed by the parties.

inappropriate. In fact, one juror asked court staff if there would be increased security over concerns about the father's outburst. After the mother's outburst, the district court instructed the jury to disregard the inappropriate outburst from the audience and not to consider it during deliberations and that sympathy or public opinion must not influence the verdict.[3] And "this court generally presumes that juries follow district court orders and instructions." *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006). Moreover, we conclude any prejudice arising from the disruptions did not prevent appellant from receiving a fair trial. Both comments about Smith shooting the victim did not affect the fairness of the trial as he conceded the act by asserting self-defense.

Smith also argues that the prosecutor committed multiple instances of misconduct. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted). Smith concedes he did not object to any of the alleged instances of prosecutorial misconduct. Thus, we apply plain-error review, which requires "an error that is plain from a review of the record" and "affected [appellant's] substantial rights, by causing actual prejudice or a miscarriage of justice" for reversal. *Id.* at 1190, 196 P.3d at 477 (internal quotation marks omitted). Here, after reviewing the record, we discern no plain error that warrants relief. *See* NRS 178.602 (plain error standard).

---

[3]The district court agreed to provide a similar admonition after the father's outburst, but the record reflects that this did not occur.

First, Smith contends that the State made an improper emotional argument during its opening statement when it stated: "two lives were taken from this earth, both much too soon for absolutely no reason, the young life of [the victim], as well as the life of her unborn baby. Both young lives lost at the hands of . . . Smith." Even assuming this comment constitutes improper argument, *see Watters v. State*, 129 Nev. 886, 889-90, 313 P.3d 243, 247 (2013) (explaining that opening statements provide an opportunity to outline the evidence to be presented, not for argument), we conclude Smith has not shown plain error warranting reversal because after the isolated comment occurred the State transitioned to explaining what the evidence would show during trial. *See Thomas v. State*, 120 Nev. 37, 47, 83 P.3d 818, 825 (2004) ("[S]tatements should be considered in context, and a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone." (internal quotation marks omitted)).

Second, Smith contends that the State disparaged defense counsel while questioning a witness and commenting that defense counsel only showed the witness parts of her prior statement before asking the witness to read the entire statement. We disagree and conclude that the prosecutor's statement did not disparage Smith or his counsel. *Cf. Butler v. State*, 120 Nev. 879, 898-99, 102 P.3d 71, 84-85 (2004) (disapproving of the State characterizing the "defense tactics as a dirty technique in an attempt to fool and distract the jury, implying that [defense] counsel acted unethically").

Third, Smith contends that the State improperly refreshed a witness's recollection. We disagree and conclude that after the witness did not recall part of her statement to the police, the State properly asked her to read the relevant portion of her statement. *Cf. Jeremias v. State*, 134

Nev. 46, 53, 412 P.3d 43, 50 (disapproving of a prosecutor referring a witness to a transcript "[w]ithout first establishing that [the witness's] memory needed refreshing").

Fourth, Smith contends that the State misstated the evidence during closing arguments. We disagree. The State outlined the coroner's findings, i.e., that the victim died from a gunshot wound to the chest and that the manner of death was homicide. The State then argued that the victim's death was a murder. *See Truesdell v. State*, 129 Nev. 194, 203, 304 P.3d 396, 402 (2013) ("[T]he prosecutor may . . . assert inferences from the evidence and argue conclusions on disputed issues."). Finally, to the extent Smith contends that the cumulative effect of misconduct prejudiced his right to a fair trial, we disagree. *See Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002) (concluding "that any errors which occurred were minor and, even considered together, do not warrant reversal"). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Chief Judge, Eighth Judicial District Court
Department 21, Eighth Judicial District Court
Law Office of Patricia M. Erickson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk