NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25A0028.  JONES v. THE STATE.

BETHEL, Justice.

A jury found John Paul Jones guilty of malice murder and related crimes in connection with the shooting death of his brother-in-law Michael Robinson.[1] On appeal, Jones argues only that trial

---

[1] The crimes occurred on August 6, 2014. In November 2014, a Polk County grand jury indicted Jones for malice murder (Count 1), felony murder (Count 2), two counts of aggravated assault (Counts 3 and 4), and two counts of possession of a firearm during the commission of a felony (Counts 5 and 6). At a December 2014 jury trial, Jones was found guilty of all counts. The trial court sentenced Jones to serve life in prison without the possibility of parole on Count 1, a consecutive 20-year term on Count 4, and two consecutive 5-year terms on Counts 5 and 6. The remaining counts merged or were vacated by operation of law. Jones, through trial counsel, filed a timely non-particularized motion for new trial. In March 2020, the trial court entered an order denying Jones's motion for new trial without a hearing. Jones thereafter filed a timely notice of appeal to this Court. Before the docketing of the appeal, however, new counsel filed a notice of substitution of counsel and then moved to remand Jones's case to raise claims of ineffective assistance of trial counsel, which this Court granted.

In February 2021, Jones's current appellate counsel filed a notice of substitution of counsel. In November 2023, Jones, through current counsel, filed an amended motion for new trial. After a hearing, the trial court denied

counsel rendered ineffective assistance by failing to make a timely request for a hearing on his motion for new trial. We disagree and affirm.

The evidence at trial showed that, on the night of the crimes, Jones and Robinson exchanged progressively antagonistic messages on social media until Robinson asked his wife to accompany him to Jones's house to discuss the disagreement in person. When Robinson and his wife arrived at Jones's house, Robinson parked his car near the driveway. Jones walked out in front of the car, and Robinson, who was unarmed, exited the car while greeting Jones. Jones then shot Robinson and pointed his gun at Robinson's wife, but she was able to run away and call 911. An autopsy showed that Robinson, who died as a result of the gunshot wounds, was shot three times in his chest and abdomen. At least two of the wounds were consistent with the shooter standing while Robinson was lying on the ground.

In his sole claim of error, Jones contends that trial counsel

---

the motion as amended on May 30, 2024. Jones filed a timely notice of appeal. The appeal was docketed to this Court's term beginning in December 2024 and submitted for a decision on the briefs.

rendered constitutionally ineffective assistance at the motion-for-new-trial stage. To prevail on a claim of ineffective assistance, Jones bears the burden of showing both that counsel's performance was deficient and that he was prejudiced as a result of that performance. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). "The failure to demonstrate either deficient performance or resulting prejudice is fatal to a claim of ineffective assistance of counsel and obviates the need even to consider the other." *Bradley v. State*, 318 Ga. 142, 144 (2) (897 SE2d 428) (2024). "In reviewing a ruling on a claim of ineffective assistance of counsel, we defer to the trial court's findings of fact unless they are clearly erroneous, but we apply the law to the facts de novo." *Payne v. State*, 314 Ga. 322, 329 (3) (877 SE2d 202) (2022) (citation and punctuation omitted).

Jones argues that counsel performed deficiently by failing to request a hearing on his motion for new trial in the five years between the motion's filing in February 2015 and the trial court's denial of the motion in March 2020. The judge who presided over

Jones's trial retired in October 2018, and a successor judge ruled on Jones's motion for new trial. Jones contends that counsel's delay in seeking a hearing on his motion was deficient because it deprived him of the "right" to have the same judge who presided over his trial sit as the "thirteenth juror" and consider his general-grounds claim. The State conceded that counsel's performance was deficient in this respect, and the trial court relied on that concession to find that counsel performed deficiently. The trial court further found that Jones had not proven *Strickland* prejudice because he failed to point to anything in the trial transcript indicating that "a new trial would have been granted on the general grounds had the trial judge heard and ruled on the motion for new trial." In advancing this claim on appeal, Jones asserts that the trial court's finding of deficient performance "satisfies the first prong of the *Strickland* test." Though counsel's handling of Jones's motion for new trial evinces a concerning lack of diligence,[2] we disagree that the particular theory

---

[2] As we have emphasized before, "it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as

4

Jones advances here supports a determination that counsel's performance was deficient. See *Holt v. Ebinger*, 303 Ga. 804, 808 n.3 (814 SE2d 298) (2018) ("This Court is not bound by the litigating position of the [State], and we have an obligation to decide for ourselves whether the judgment of the [lower] court is legally sound." (citation and punctuation omitted)).

Georgia statutory law authorizes a trial court to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity," OCGA § 5-5-20, or when "the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding," OCGA § 5-5-21. "Grounds for a new trial under these Code sections are commonly known as the 'general grounds,' and the two statutes give the trial court broad discretion to sit as a thirteenth juror and weigh the evidence on a motion for

defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Sturkey v. State*, 319 Ga. 156, 164-165 (5) (902 SE2d 607) (2024) (citation and punctuation omitted).

5

new trial alleging these general grounds." *Muse v. State*, 316 Ga. 639, 653 (4) (889 SE2d 885) (2023) (citation and punctuation omitted).

Jones's claim of ineffective assistance is premised not simply on counsel's lack of diligence in seeking a hearing on the motion,[3] but rather on the theory that counsel's failure to seek a hearing denied him the "right" to have the judge who presided over his trial consider his general-grounds claim. But Jones provides no legal basis — nor are we aware of any — for concluding that he had such a right. In fact, the Georgia Code expressly contemplates that a successor judge who did not try the case may rule on and grant a motion for new trial, which necessarily includes the authorization to rule on a general-grounds claim. See OCGA § 5-5-43 ("A judge who did not try the case may, if presented with a motion for new trial within 30 days from the date of the verdict or judgment sought to be set aside . . . decide the motion either where he is presiding in the

---

[3] Jones does not present a claim that the extraordinary delay constituted an abandonment by counsel or that such delay deprived him of any cognizable claim or due process of law.

court in which the trial was had, or where he is named in the rule, or where he is otherwise authorized by law to do so."). See also *Kuhn v. State*, 301 Ga. 741, 743-744 (2) (804 SE2d 9) (2017) (rejecting argument that successor judge erred by denying appellant's request to have the trial judge preside over his motion for new trial hearing and noting that OCGA § 5-5-43 "clearly authorizes a judge who did not try a case to preside over and decide a motion for new trial").

Of course, Jones certainly is entitled to have his general-grounds claim considered by the trial court under the proper standard.[4] See, e.g., *Holmes v. State*, 306 Ga. 524, 528 (2) (832 SE2d 392) (2019) (vacating trial court's denial of appellant's general-grounds claim because record reflected that court failed to properly exercise its discretion in rejecting claim and remanding case for consideration "under the proper legal standard"). But there is simply no basis for concluding that Jones had a "right" to have the judge who presided over his trial rule on his general-grounds claim. And

---

[4] Notably, Jones raises no claim of error related to the successor judge's assessment of his general-grounds claim.

because that is the sole basis Jones advances in support of his claim of ineffective assistance, he is unable to establish that counsel performed deficiently in this respect. Cf. *Reeves v. State*, 309 Ga. 645, 649 (3) (847 SE2d 551) (2020) (appellant "failed to show that he had a right to be present at the bench conferences in question, so it follows that [appellant] cannot show that his trial counsel performed deficiently by failing to assert that right"); *Moss v. State*, 298 Ga. 613, 617 (5) (783 SE2d 652) (2016) (rejecting argument that trial counsel was ineffective for "failing to protect [appellant's] right to procedural due process" because appellant "has not shown any violation of his rights, and it follows that he has not shown deficient performance or prejudice"); *Miller v. State*, 283 Ga. 412, 416 (4) (b) (658 SE2d 765) (2008) (concluding that appellant failed to establish deficient performance arising from counsel's failure to request modified jury instruction because "the giving of the pattern jury instruction . . . did not violate [appellant's] constitutional rights, and he therefore had no right to insist on a modified instruction"). See also *Chatman v. Mancill*, 280 Ga. 253, 258-259 (2) (c) (626 SE2d

102) (2006) (recognizing that the mere fact that counsel was responsible for a delay in resolving post-conviction motions did not mean counsel was ineffective and that counsel may have strategic reasons for delaying litigation of post-conviction motions). Accordingly, this claim fails.

*Judgment affirmed. Peterson, CJ, Warren, PJ, and Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*